STATE of Maine

v.

Grant BAKER.

Supreme Judicial Court of Maine.
Argued Sept. 17, 1985.
Decided Feb. 24, 1986.

James E. Tierney, Atty. Gen., Eric E. Wright, (orally), Michael N. Westcott, Asst. Attys. Gen., Augusta, for plaintiff.

John V. Romei, (orally), Machias, Daniel Lacasse, Calais, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN and GLASSMAN, JJ.

NICHOLS, Justice.

From a conviction of arson, 17–A M.R. S.A. § 802 (Pamph.1982), entered on February 23, 1984, following a jury trial in Superior Court, Washington County, the Defendant, Grant Baker, appeals, arguing that: (1) the court erred by instructing the jury on the issue of principal liability; (2) the court erred in its instructions on accomplice liability; and (3) the evidence produced at trial was insufficient for the jury to find proof of guilt beyond a reasonable doubt.

We affirm the judgment of the Superior Court.

In the early morning hours of January 14, 1982, at Machias, a fire destroyed the "adequately insured" restaurant which the Defendant had owned and operated for several months at considerable financial loss.

■ The Defendant does not contest the finding that arson occurred,[1] the evidence at trial having established that several stacks of firewood connected with rope fuses soaked in fuel had been arranged throughout the building. Rather, he urged that the evidence was insufficient for a jury to have found beyond a reasonable doubt that he either committed the arson himself or was an accomplice to the crime. In reviewing the evidence presented at trial, we must consider it in a light most favorable to the prosecution. *State v. Caouette*, 462 A.2d 1171, 1176 (Me.1983).

The Defendant admits that he collected insurance proceeds from the fire. However, upon the evidence presented, the jury could rationally have found that the Defendant arranged to have the necessary materials to commit the arson at the restaurant that night, that he had made sure no one would then be present in the restaurant so that a person could go in undetected and set the fire, and that because of the losses he had sustained, the Defendant did so with the intent to collect insurance proceeds from the fire. Therefore, the conviction must stand unless, as the Defendant contends on appeal, there was obvious error by the court in instructing the jury on the respective liabilities of accomplice and principal for arson.

The Defendant argues it was error to instruct on principal liability because the evidence did not warrant the instruction and giving it served to confuse, confound, and mislead the jury.

Essentially, the Defendant contends that the instructions to the jury were overinclusive and thereby prejudicial to him. He identifies his case with *State v. Gilbert*, 473 A.2d 1273 (Me.1983), where we held it was not error for the trial court to refuse to instruct the jury on "deadly force" where it had been stipulated that the defendant did not use deadly force. However, in *Gilbert* the inclusion of a "deadly force" instruction where "deadly force" was not at issue would only have served to confuse the jury and thereby prejudice that defendant by implying to that jury they could find the defendant had used deadly force. *Id.* at 1277.

In the case before us, on the other hand, the Defendant was charged with arson under which guilt can derive from either principal liability or accomplice liability. Here

---

1. 17–A M.R.S.A. § 802 provides in pertinent part:
   1. A person is guilty of arson if he starts, causes, or maintains a fire or explosion;
   B. On his own property or the property of another

1. with the intent to enable any person to collect insurance proceeds for the loss caused by the fire or explosion.

the issue was whether the Defendant was guilty of arson and the basis on which guilt could be found had to be made clear to the jury in order for them to make a determination of guilt.

The major flaw in the Defendant's argument is that, contrary to his assertion, the Superior Court did not hold as a matter of law that the evidence was insufficient to support a finding of principal liability by the Defendant. The Superior Court merely recognized that the law does not distinguish between principal liability and accomplice liability. In instructing the jury on arson that court had a duty to make clear the basis upon which the Defendant could be found guilty. In explaining the concept of accomplice liability it may have been helpful to the jury, and certainly it was not error, for the justice to contrast the concept of accomplice liability with the concept of principal liability. The instructions, rather than being overinclusive, were thorough.

Finally, the Defendant argues that the instructions on accomplice liability were so ambiguous, contradictory, and confusing that they constitute reversible error. Specifically, the Defendant complains that the instructions could have misled the jury into believing that accomplice liability constituted a lesser degree of culpability or required a lesser burden of proof than principal liability and that the instruction as to "cause" could have misled the jury into believing that they could find guilt on negligence or recklessness.

This argument is without merit. In the course of instructing the jury the justice appropriately defined the "beyond a reasonable doubt" standard and applied it equally to the concepts of accomplice and principal liability. Furthermore, the justice specifically instructed that "We don't distinguish in terms of culpability between principal liability and accomplice liability." In defining "cause" the justice stated, "Cause would mean that the fire would not have occurred but for Mr. Baker's activities...."

Taken out of context this instruction may appear to allow a finding of guilt based on negligence or recklessness. However, the justice stated no less than seven times in his instructions to the jury that the State must prove that the Defendant acted with an intentional mental state. Furthermore, at no point in the entire trial was it ever intimated to the jury that the Defendant could be found guilty on the basis of negligence or recklessness. Thus, the inclusion of the "but for" test in the definition of "cause" was not prejudicial to the Defendant in light of the overwhelming emphasis the court placed on the intent requirement.

The entry is:

Judgment affirmed.

All Concurring.