[Not for Publication]
United States Court of Appeals
For the First Circuit


No. 97-1375

DIANA M. GILBERT,

Plaintiff, Appellant,

v.

SUNDAY RIVER SKIWAY CORP.,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge] 



Before

Stahl, Circuit Judge, 
Bownes, Senior Circuit Judge, 
and Lynch, Circuit Judge. 



Alton C. Stevens with whom Marden, Dubord, Bernier & Stevens was 
on brief for appellant.
Evan M. Hansen with whom Elizabeth J. Wyman and Preti, Flaherty, 
Beliveau & Pachios were on brief for appellee. 



October 22, 1997

Per Curiam. This appeal raises an unusual Per Curiam. 

argument: that the district court's jury instructions,

although correctly summarizing the controlling law,

described a legal issue not generated by the evidence, and

therefore were so likely to have confused the jury that a new

trial is warranted. We reject this argument and affirm. 

On March 10, 1994, plaintiff/appellant Diana

Gilbert participated in the Guaranteed Learn to Ski Program

at Sunday River, a ski area owned and operated by

defendant/appellee Sunday River Skiway Corporation. The

instructor assigned to plaintiff's novice class first taught

Gilbert and two others basic skiing techniques, including how

to stop and turn. Because the lift customarily used for

class was not operating, the instructor took the group on a

lift that went higher on the mountain than the normal

beginners slope. The instructor then directed the students

to ski down to the beginners area usually used for

instruction. On her first turn, Gilbert accelerated too

quickly and fell, injuring her knee. This suit followed. 

The Maine Skier's and Tramway Passengers'

Responsibilities Act ("MSTPRA"), 26 M.R.S.A. 488 (1988),

states that "each skier who participates in the sport of

skiing shall be deemed to have assumed the risk of the

dangers inherent in the sport . . . ." Although section 488

is designed to protect ski area operators from liability for

skiers' injuries, the statute contains an exception that

imposes liability on a ski area when the skier's injuries are

-3- 3

"actually caused by the negligent operation of the ski area."

Id. Gilbert presented evidence to the jury that the ski 

instructor brought her to a slope that was too steep for a

first-time skier and that this conduct constituted negligent

operation of the ski area.

At the close of the evidence, and after some

deliberation, the district court charged the jury by

paraphrasing section 488. The charge stated: 

Maine law provides that everyone who
participates in the sport of skiing
assumes the risk of dangers inherent in
the sport and responsibility for any
injury unless the injury was actually
caused by the negligent operation of the
ski area. In this case, the plaintiff
Diana Gilbert claims that the defendant
Sunday River Skiway Corporation
negligently operated its ski area in
instructing her where to ski as a
beginner enrolled in the Guaranteed Learn
to Ski Program, and that it was this
negligence that caused her injury and
damages that she now seeks to recover. 
...
If you find that Sunday River was not
negligent or that its negligence did not
cause Diana Gilbert's injuries, then your
verdict must be for Sunday River.

Gilbert seasonably objected to the instruction. The jury 

returned a verdict that Sunday River was not negligent. 

Gilbert concedes that the district court's

instruction does not misstate or misdescribe the Maine skier

statute in any way. Rather, Gilbert argues that, because

section 488 arguably does not require the jury to decide

whether she had assumed the risk of her injuries, the court's

-4- 4

reference to assumption of the risk was so confusing that a

new trial is warranted. For this proposition, Gilbert relies

exclusively on dictum from State v. Gilbert, 473 A.2d 1273 

(Me. 1984), which, while affirming a trial court's refusal to

include an irrelevant affirmative defense instruction in a

criminal case, states the unremarkable proposition that "[a]n

instruction on an issue not generated by the evidence would

serve only to confuse or mislead the jury." Id. at 1277.  

Gilbert's reliance is misplaced. 

We reject Gilbert's argument for two reasons. 

First, the court's inclusion of the assumption of the risk

language was not extraneous or irrelevant. To the contrary,

the language was a necessary part of the cogent summary of

the controlling law that the district court appropriately

provided the jury. See Hardin v. Ski Venture, Inc., 50 F.3d 

1291, 1295 (4th Cir. 1995)(noting it would be "truly bizarre"

if the district court were not allowed to cite assumption of

the risk language in the controlling skier statute in its

instructions). "The instructions, rather than being

overinclusive, were thorough." State v. Baker, 505 A.2d 96, 

98 (Me. 1986). Second, assuming for the sake of argument

that the court's summary of section 488 constitutes an

erroneous instruction on an issue not generated by the

evidence, we are at a loss to see how Gilbert suffered legal

prejudice as a result. "An error in jury instructions will

-5- 5

warrant reversal of a judgment only if the error is

determined to have been prejudicial, based on a review of the

record as a whole." Davet v. Maccarone, 973 F.2d 22, 26 (1st 

Cir. 1992). The charge was a model of clarity in directing

the jury to decide whether Sunday River was negligent in its

operation of the ski area. These instructions gave the jury

ample guidance and leeway to find Sunday River negligent. 

How an accurate description of the applicable law could have

deflected a reasonable jury from deciding whether Sunday

River was negligent truly escapes us. 

Affirmed. Costs to the Appellee. Affirmed. Costs to the Appellee. 

-6- 6