USCA1 Opinion

 

 [Not for Publication] United States Court of Appeals For the First Circuit ____________________ No. 97-1375 DIANA M. GILBERT, Plaintiff, Appellant, v. SUNDAY RIVER SKIWAY CORP., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Alton C. Stevens with whom Marden, Dubord, Bernier & Stevens was ________________ _________________________________ on brief for appellant. Evan M. Hansen with whom Elizabeth J. Wyman and Preti, Flaherty, ______________ __________________ _________________ Beliveau & Pachios were on brief for appellee. __________________ ____________________ October 22, 1997 ____________________ Per Curiam. This appeal raises an unusual Per Curiam. __________ argument: that the district court's jury instructions, although correctly summarizing the controlling law, described a legal issue not generated by the evidence, and therefore were so likely to have confused the jury that a new trial is warranted. We reject this argument and affirm.  On March 10, 1994, plaintiff/appellant Diana Gilbert participated in the Guaranteed Learn to Ski Program at Sunday River, a ski area owned and operated by defendant/appellee Sunday River Skiway Corporation. The instructor assigned to plaintiff's novice class first taught Gilbert and two others basic skiing techniques, including how to stop and turn. Because the lift customarily used for class was not operating, the instructor took the group on a lift that went higher on the mountain than the normal beginners slope. The instructor then directed the students to ski down to the beginners area usually used for instruction. On her first turn, Gilbert accelerated too quickly and fell, injuring her knee. This suit followed.  The Maine Skier's and Tramway Passengers' Responsibilities Act ("MSTPRA"), 26 M.R.S.A. 488 (1988), states that "each skier who participates in the sport of skiing shall be deemed to have assumed the risk of the dangers inherent in the sport . . . ." Although section 488 is designed to protect ski area operators from liability for skiers' injuries, the statute contains an exception that imposes liability on a ski area when the skier's injuries are -3- 3 "actually caused by the negligent operation of the ski area." Id. Gilbert presented evidence to the jury that the ski ___ instructor brought her to a slope that was too steep for a first-time skier and that this conduct constituted negligent operation of the ski area. At the close of the evidence, and after some deliberation, the district court charged the jury by paraphrasing section 488. The charge stated:  Maine law provides that everyone who participates in the sport of skiing assumes the risk of dangers inherent in the sport and responsibility for any injury unless the injury was actually caused by the negligent operation of the ski area. In this case, the plaintiff Diana Gilbert claims that the defendant Sunday River Skiway Corporation negligently operated its ski area in instructing her where to ski as a beginner enrolled in the Guaranteed Learn to Ski Program, and that it was this negligence that caused her injury and damages that she now seeks to recover.  ... If you find that Sunday River was not negligent or that its negligence did not cause Diana Gilbert's injuries, then your verdict must be for Sunday River. Gilbert seasonably objected to the instruction. The jury  returned a verdict that Sunday River was not negligent.  Gilbert concedes that the district court's instruction does not misstate or misdescribe the Maine skier statute in any way. Rather, Gilbert argues that, because section 488 arguably does not require the jury to decide whether she had assumed the risk of her injuries, the court's -4- 4 reference to assumption of the risk was so confusing that a new trial is warranted. For this proposition, Gilbert relies exclusively on dictum from State v. Gilbert, 473 A.2d 1273 _____ _______ (Me. 1984), which, while affirming a trial court's refusal to include an irrelevant affirmative defense instruction in a criminal case, states the unremarkable proposition that "[a]n instruction on an issue not generated by the evidence would serve only to confuse or mislead the jury." Id. at 1277.  ___ Gilbert's reliance is misplaced.  We reject Gilbert's argument for two reasons.  First, the court's inclusion of the assumption of the risk language was not extraneous or irrelevant. To the contrary, the language was a necessary part of the cogent summary of the controlling law that the district court appropriately provided the jury. See Hardin v. Ski Venture, Inc., 50 F.3d ___ ______ _________________ 1291, 1295 (4th Cir. 1995)(noting it would be "truly bizarre" if the district court were not allowed to cite assumption of the risk language in the controlling skier statute in its instructions). "The instructions, rather than being overinclusive, were thorough." State v. Baker, 505 A.2d 96, _____ _____ 98 (Me. 1986). Second, assuming for the sake of argument that the court's summary of section 488 constitutes an erroneous instruction on an issue not generated by the evidence, we are at a loss to see how Gilbert suffered legal prejudice as a result. "An error in jury instructions will -5- 5 warrant reversal of a judgment only if the error is determined to have been prejudicial, based on a review of the record as a whole." Davet v. Maccarone, 973 F.2d 22, 26 (1st _____ _________ Cir. 1992). The charge was a model of clarity in directing the jury to decide whether Sunday River was negligent in its operation of the ski area. These instructions gave the jury ample guidance and leeway to find Sunday River negligent.  How an accurate description of the applicable law could have deflected a reasonable jury from deciding whether Sunday River was negligent truly escapes us.  Affirmed. Costs to the Appellee. Affirmed. Costs to the Appellee. ________ _____________________ -6- 6